UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

05 SEP 30 PM 1: 05

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>         Plaintiff,<br><br>v.<br><br>SEELYE-WRIGHT OF SOUTH HAVEN, INC.<br><br>         Defendant.<br>_____ / | CASE NO.<br><br>Hon.<br><br>1:05 CV 0677<br><br><u>COMPLAINT</u><br><u>AND JURY TRIAL DEMAND</u><br><br>**Gordon J. Quist**<br>**U.S. District Judge** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to former employee Randy Elder ("Elder"), who was adversely affected by such practices. The Commission alleges that Defendant, Seelye-Wright of South Haven, Inc., ("Defendant") retaliated against Elder by filing a complaint against him for libel and slander in response to Elder's claim for sexual harassment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII") , and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Western District of Michigan.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant, Seelye-Wright of South Haven, has continuously conducted business in the State of Michigan, City of South Haven, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## CONCILIATION

6.  Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706 (b) of Title VII, 42 U.S.C. Section 2000e-5(b).

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, Randy Elder ("Elder") filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  Since at least November 2003, Defendant Employer has engaged in unlawful

employment practices at its South Haven, Michigan site in violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a), 3(a). The Defendant's unlawful employment practices include filing a complaint against Elder for slander and libel, civil extortion, and malicious abuse of process in retaliation for his filing a charge with the Michigan Department of Civil Rights alleging that he had been subjected to a hostile work environment because of sexual harassment by his supervisor.

9. The effect of the unlawful conduct complained of in paragraph 8, above, has been to deprive Elder of equal employment opportunities and otherwise adversely to affect his status as an employee.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. As the result of the unlawful employment practices, Elder has suffered emotional distress, embarrassment, humiliation, and inconvenience.

12. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Elder.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation against those who take actions protected by Title VII.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant Employer to make whole Elder, by providing appropriate attorney fees resulting from the retaliatory complaint with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Elder, by providing compensation for past pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above in amounts to be proven at trial.

E. Order Defendant Employer to make whole Elder by providing compensation for past nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above in amounts to be proven at trial.

F. Order Defendant Employer to pay Elder punitive damages for its malicious or reckless conduct described in paragraph 8 above, in amounts to be proven at trial.

G. Order Defendant Employer to provide training to its owners and employees regarding the duties and obligations of employers under Title VII, including specific training on Title VII's prohibition against retaliation.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED: **SEP 2 8 2005**

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

_____
ADELE RAPPORT (P44833)
Regional Attorney

ROBERT K. DAWKINS (P38289)
Supervisory Trial Attorney

TRINA MENGESHA (P59458)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

DETROIT DISTRICT OFFICE
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Telephone: (313)226-3407