UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
            Plaintiff, )    Case No. 1:05-CV-0677
)
and )
)
RANDY ELDER, )
)
            Intervening Plaintiff, )
v. )
)    Hon. Gordon J. Quist
SEELYE-WRIGHT OF )
SOUTH HAVEN, INC. )
)
            Defendant. )
_____ )

**CONSENT DECREE**

Case No. 1:05-CV-0677 was instituted by the Equal Employment Opportunity Commission ("Commission") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

The Commission and Seelye-Wright of South Haven, Inc. ("Seelye-Wright"), hereby stipulate to the jurisdiction of the Court over the parties and the subject matter of this action. The Commission and Seelye-Wright have advised this Court that they desire to resolve Case No. 1:05-CV-0677 without the burden and expense of further litigation.

It is, therefore, the finding of this Court, based on the pleadings and the record as a whole,

1

that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Decree; and (3) this Decree resolves all the matters in controversy between the parties as provided in paragraphs 1 through 9 below.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. This Consent Decree, being entered by the agreement of both parties for the purpose of settling this dispute wherein the Commission claims that Defendant violated Title VII and Defendant denies any and all liability, shall not be construed as an admission by Defendant of any violation of Title VII or any other law, rule or regulation.

2. Seelye-Wright agrees that there will be no discrimination or retaliation of any kind against any person because of opposition to any practice made unlawful under Title VII, or because of the filing of a charge, the giving of testimony, assistance, or participation in any manner in an investigation, proceeding or hearing under Title VII.

3. Seelye-Wright agrees that it will never file suit against an employee or applicant who files a charge of discrimination with the EEOC or the Michigan Department of Civil Rights if a reason for the lawsuit is that the employee or applicant has filed such a charge.

4. Within thirty days from the date of entry of this Consent Decree, Defendant Seelye-Wright shall adopt a written policy prohibiting retaliating against employees for asserting their rights under Title VII. A copy of said policy shall be provided to the EEOC for review and comment prior to its adoption.

5. Seelye-Wright agrees that its employees shall attend a training seminar regarding

discrimination and retaliation within six (6) months from the date of entry of this Decree. The training shall last for one hour and will be scheduled by the mutual agreement of the parties. The training will be provided by the Commission. Upon completion of the training program, Seelye-Wright shall provide the Commission with a roster of all employees in attendance.

6. Seelye-Wright agrees that the EEOC may review compliance with this Decree. As part of such review, the EEOC may inspect the premises, interview employees, and examine and copy documents, during normal operating hours and upon reasonable advance notice.

7. In the event that the EEOC alleges that a violation of this Decree has occurred, prior to exercising any remedy provided by law, EEOC will give notice in writing thereof, specifically identifying the alleged violation to Seelye-Wright. Seelye-Wright will have thirty (30) days in which to investigate and respond to the allegation. Thereafter, the parties will have a period of thirty (30) days, or such additional period as may be agreed upon by them, in which to negotiate and confer regarding such allegation, before Plaintiff exercises any remedy provided by law.

8. Each party shall be responsible for their own costs associated with this action.

9. Except as otherwise stated, the term of this Decree shall be for (1) year following the date of the entry of this decree. The Court shall maintain jurisdiction over the parties and the subject matter throughout the term of this Decree.

November 21, 2006          /s/Gordon J. Quist
Date                       Judge, United States District Court

Approved as to Form and Content and Copies to:

3

| | |
|---|---|
| /s/ Dale Price | /s/ Michael D. Wade |
| Dale Price, Trial Attorney (P55578) | Michael D. Wade (P24833) |
| Equal Employment Opportunity Commission | Garan Lucow Miller, P.C. |
| 477 Michigan Avenue, Room 865 | 300 Ottawa Avenue, N.W., 8th Floor |
| Detroit, MI 48226 | Grand Rapids, MI 49503 |

4